LOVE, J.,
Concurs and Assigns Reasons.
hi respectfully concur in the results with the majority. However, I write separately to further address the evidence in the record regarding the jury’s $45,800 award for additional living expenses. Factual determinations are reviewed by appellate courts using the manifest error/clearly erroneous standard of review. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
Lafayette contends that the flood damage to the Wegeners’ home occurred first and rendered it uninhabitable. Lafayette’s expert, Stony Kirkpatrick, an engineer from HAAG Engineering, testified that flood waters caused the damage to the first floor of the Wegeners’ property prior to the occurrence of any wind damage and *938 that any shifting of the structure was caused by water.
Roy Carruba, the Wegeners’ expert in civil and structural engineering and in construction, testified that roof, soffits, facia, and siding of the home were peeled off down to the plywood, studs, and beams in many places, and numerous windows had been broken and blown out. Thus, he concluded that the structure “had substantial wind damage before the flood waters came in.” Mr. Carruba stated that wind pressures damaged the Wegeners’ property to the extent that he recommended demolishing the structure.
After demolishing their home, the Weg-eners moved into a rental property |2they owned in Mandeville. The Mandeville rental property allegedly rented for $1,400 to $1,500 a month prior to Hurricane Katrina and the rental property located in their demolished home allegedly rented for $600 a month.
Given the juxtaposed evidence in the record, I do not find that the trial court erred by confirming the jury’s factual finding that the Wegeners’ incurred additional living expenses as a result of perils covered by Lafayette.